IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE M. CARRERAS PEREZ, et. al.,
Plaintiffs,

v.

HOSPITAL PAVIA SANTURCE, et. al.,
Defendants.

CIVIL NO. 15-2765 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Before the Court now is a "Motion to Dismiss" filed by co-Defendant Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Médico-Hospitalaria ("SIMED"), which stands unopposed. SIMED appears in the present case as insurer of co-Defendant Dr. Ramón Ochoa-Salcedo ("Dr. Ochoa-Salcedo") for SIMED issued a claims made policy covering Dr. Ochoa-Salcedo. However, SIMED alleges the policy in question does not cover the incident which gives rise to this case. Hence, SIMED moves the court to dismiss the complaint for failure to state a claim upon which relief can be granted. (Docket No. 46).

**STANDARD**

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain

<u>José M. Carreras Pérez, et al., v. Hospital Pavía Santurce, et al.</u>
Civil No. 15-2765 (CVR)
Opinion and Order
Page 2
_____

statement….' Specific facts are not necessary."). Yet, in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>See</u>, <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." <u>Gargano v. Liberty Int'l Underwriters, Inc.</u>, 572 F.3d 45, 48-49 (1st Cir. 2009). Under <u>Twombly</u>, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." <u>See</u> also, <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011). Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). <u>Id</u>. at 570; *see, e.g.* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by <u>Twombly</u> and <u>Iqbal</u>. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. <u>Iqbal</u>, 556 U. S. at 663. Second, based upon all assertions that were not discarded under the first step of the inquiry, the Court must determine whether the complaint "states a plausible claim for relief." <u>Id</u>., at 670. This second step is "context-specific" and requires that the Court draw from its own

José M. Carreras Pérez, et al., v. Hospital Pavía Santurce, et al.
Civil No. 15-2765 (CVR)
Opinion and Order
Page 3
_____

"judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or whether dismissal under Rule 12(b)(6) is appropriate. Id.

## LEGAL ANALYSIS

An "occurrence" policy protects the policyholder from liability for any act done while the policy is in effect, whereas a "claims made" policy protects the holder only against claims made during the life of the policy. Sarsfield v. Great American Ins. Co. of New York, 335 Fed.Appx. 63, 67 (1st Cir. 2009) (*quoting* St. Paul Fire & Marine Ins. Co. v. Barry, 438 U.S. 531, 535, 98 S.Ct. 2923 (1978)). Therefore, in the context of claims-made policies, the determinative event is the timing of the claim. See Edwards v. Lexington Ins. Co., 507 F.3d 35, 41 (1st Cir. 2007); see also, Rodríguez v. Hospital Metropolitano Cabo Rojo, 2010 WL 624143, *3 (D.P.R. February 17, 2010). It is important to note, however, that there are given situations when the underwriter attaches a retroactive date to a "claims made" policy by reason of underwriting requirements, and in those cases, therefore, only those claims which occurred subsequent to such date would be covered by the "claims made" policies. Jiménez López v. SIMED, 2010 TSPR 208 (P.R. Oct. 6, 2010); *quoting* S. Kroll, "Claims Made"-Industry's Alternative: "Pay as You Go" Products Liability Insurance, 637 Ins. L.J. 63, 69 (1976).

In the case at bar, Defendant Dr. Ochoa-Salcedo had a claims made policy with an effective date of January 16, 2015 to January 16, 2016, retroactive to January 16, 2014. The policy, in its pertinent part, establishes that… "[t]he Syndicate will pay..... All sums

José M. Carreras Pérez, et al., v. Hospital Pavía Santurce, et al.
Civil No. 15-2765 (CVR)
Opinion and Order
Page 4
_____

which the Insured shall become legally obligated to pay as damages because of injury to which this policy applies caused by medical incident, *occurring on or after the retroactive date, for which a claim is first made against the Insured and reported to the Syndicate during the policy period*, arising out of the rendering of or failure to render professional services by the Insured as a physician, surgeon or dentist." (Emphasis added).   (Docket Nos. 18-1, p. 15; No. 18-2).   Among its exclusions, the policy states that it does not apply… "to any claim or claims arising out of acts or omission which occurred prior to the retroactive date or which occur subsequent to the termination date of this insurance." (Docket No. 18-1, at p. 16).

In support of SIMED's Motion to Dismiss, it submitted an unsworn statement under penalty of perjury from Mrs. María del Carmen Alfonso-Valle, SIMED's Underwriting Manager, and a certified copy of the claims-made policy applicable to Dr. Ochoa-Salcedo.   (Docket No. 18-2).

It is clear that the alleged medical incident in this case occurred on July 19th, 2013, prior not only to Dr. Ochoa-Salcedo's policy date, but also prior to the retroactivity date of January 16, 2014.   Therefore, the claims against SIMED, as insurer for Dr. Ochoa-Salcedo, cannot lie and must be DISMISSED WITH PREJUDICE.

## CONCLUSION

For the aforementioned reasons, Defendant SIMED's "Motion to Dismiss" is GRANTED (Docket No. 46).   Partial Judgment dismissing SIMED, as insurance carrier for Dr. Ochoa-Salcedo, shall be entered accordingly.

José M. Carreras Pérez, et al., v. Hospital Pavía Santurce, et al.
Civil No. 15-2765 (CVR)
Opinion and Order
Page 5
_____

      IT IS SO ORDERED.

      In San Juan, Puerto Rico, on this 3rd day of May, 2016.

                            S/CAMILLE L. VELEZ-RIVE
                            CAMILLE L. VELEZ RIVE
                            UNITED STATES MAGISTRATE JUDGE